### ALLEN v LEAVICK

Ohio Appeals, 1st Dist, Hamilton Co

No 3980.  Decided Feb 8, 1932

Tatgenhorst & Lytle, Cincinnati, for plaintiff in error.

John M. McCaslin, Cincinnati, for defendant in error.

HAMILTON, J.

It is alleged in the petition that the automobile, in which the accident occurred, was being driven and operated by an agent of Mrs. Leavick, the defendant, at her request and under her direction and control, and that by reason of the careless, negligent, and reckless manner of operation, the plaintiff was thrown from her seat.

Mrs. Leavick in her answer denied that the automobile was driven by her or her agent, and denied generally the allegations in the plaintiff's petition as to negligence.

Thus were presented to the jury two issues: the one, as to agency; and, the other, negligence of the defendant through her agent.

The verdict of the jury was a general verdict for the defense.

Ordinances of the City were introduced concerning designation of arterial highways, and it is suggested that Delta Avenue, being an arterial highway, that it was incumbent upon the driver of the car to stop, which it is admitted he did not do. However, there is no proper proof that Delta Avenue was a designated arterial highway, nor was there any proof of any stop sign on Observatory at Delta Avenue. The claim that the failure to stop is negligence per se is not, therefore, sustained by evidence. Furthermore, there is no evidence that such failure to stop was the proximate cause of the injury.

It is suggested in the brief of counsel for plaintiff in error that recovery could be sustained under the res ipsa loquitor rule, but we find no basis for the application of this rule, since the condition of the street, which must necessarily have caused the bouncing of the car, was not under control of the defendant.

There is strong proof to the effect that Brock was the agent of Mrs. Leavick in driving the car. However, there was evidence tending to disprove the agency. The mere fact that Brock was driving the car belonging to Mrs. Leavick would not make him her agent. She states she was letting Brock use her car to take the plaintiff and defendant to dinner, and that she had no control over the car; that when they called for plaintiff, Mrs. Allen, without suggestion or invitation, Mr. Brock got in the car behind the wheel to drive. Mrs. Allen testified that Mrs. Leavick requested Brock to drive. The question being in conflict, it was for the jury.

Speed of the automobile was estimated between 25 and 40 miles per hour out Observatory Avenue; the defendant testified 25 to 30 miles per hour; plaintiff testifying between 30 and 40 miles per hour. There was no evidence that the speed was greater than was reasonable and proper having regard to the width of the street, amount of traffic, its use, and the general and usual traffic rules, or that the automobile was driven in a way to endanger life, limb, or property. The law is settled that the state law and this ordinance, which conforms thereto as to speed, present a rule of evidence only, and excess speed is not presumptive negligence.

The plaintiff complains of the defendant's special charge as follows:

"I charge you ladies and gentlemen, that if you find from the evidence that the defendant merely permitted Brock to drive and operate her motor vehicle at the time of the injuries complained of and that the defendant did not reserve the right to control the manner in which said vehicle was operated by Brock and did not in fact control or endeavor to control the operation of said vehicle, then your verdict must be for the defendant."

The language complained of is: "that the defendant did not reserve the right to control the manner in which said vehicle was operated by Brock". While the word "reserve" is somewhat objectionable, we do not find it to be prejudicial. "Reserve" does not mean mental reservation. It must be

shown by words or conduct that there was or was not such reservation. However that may be, under the two issue rule, error could not be predicated upon an erroneous charge on the one issue, when the verdict is general. The jury, under the facts submitted to them, may have found no negligent liability. If it did so, the error if any in the special charge on agency would not require a reversal. This is not a case of negligence and the defense of contributory negligence. Two clearly defined and distinct issues are presented, non-negligence and agency, either of which if found in favor of defendant would sustain the verdict, in the absence of interrogations testing the verdict.

Our conclusion is, that no prejudicial error intervened and the judgment is affirmed.

ROSS, PJ, and CUSHING, J, concur.